UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00160-JAW-03 |
| | ) | |
| ROBERT BERG | ) | |

**ORDER DENYING MOTION TO AMEND JUDGMENT**

The Court concludes it is without authority to amend a sentencing judgment to effect a defendant's release from incarceration into an early release program.

**I.   BACKGROUND**

On August 7, 2015, the Court sentenced Robert Berg to six months incarceration for acting as an accessory after the fact to the manufacturing of 1,000 or more marijuana plants.  *J.* (ECF No. 573).  On December 18, 2015, Mr. Berg moved to amend the Judgment to reduce his sentence of imprisonment by 18 days, or 10%, and requested oral argument on the motion.  *Def.'s Mot. to Amend J.* (ECF No. 601) (*Def.'s Mot.*); *Mot. for Oral Arg.* (ECF No. 605).  The Government objected on January 5, 2016.  *Gov't's Obj. to Def.'s Mot. to Amend J.* (ECF No. 603) (*Gov't's Opp'n*).  Mr. Berg replied on January 14, 2016.  *Def.'s Reply to Gov't's Obj. to Def.'s Mot. to Amend J. and Req. for Oral Arg.* (ECF No. 604).

**II.   THE PARTIES' POSITIONS**

    **A.   Robert Berg's Motion**

In his motion, Mr. Berg explains:

> [A]lthough federal inmate[s] are normally eligible to serve the final 10% of their sentences in some combination of community or home confinement, pursuant to Bureau of Prison (BOP) re-entry programs, the BOP staff at Fort Devens (Devens) advised [Mr. Berg] that they are not going to process the paperwork because they feel it will not get done by the time he is released.

*Def.'s Mot.* at 1.  Mr. Berg says that when he reported to Devens, the staff told him that his full term release date would be April 10, 2016 and that his home detention eligibility date was March 24, 2016.[1]  *Id.*  Citing 18 U.S.C. §§ 3621(b), 3624(c) and BOP policy, Mr. Berg asserts that "low risk offenders are normally eligible to serve the final 10% of their sentences either in home confinement or some combination of community and home confinement."  *Id.* at 2.  Mr. Berg calculates the 10% figure as equaling 18 days, making him eligible for early release on March 24, 2016.  *Id.*  However, he says that the staff at Devens clarified that because of timeline concerns for processing paperwork, he would not be considered for early release to home confinement because his term of incarceration was six months or less.  *Id.*  Mr. Berg proposes that the "only way at present to provide Mr. Berg the opportunity for release on March 24, 2016 would be for the Court to amend its 6-month sentence to reduce Mr. Berg's sentence by 10% (18 days)."  *Id.*

### B.   The Government's Opposition

The Government objects.  *Gov't's Opp'n* at 1-2.  The Government contends that the Court is "without authority to grant [Mr. Berg] the relief he seeks."  *Id.* at 1.  The Government observes that Mr. Berg failed to cite "any rule or statute upon which the

---

[1]   For support, Mr. Berg cites Exhibit 1.  *Def.'s Mot.* at 1.  No Exhibit 1 was attached to the motion.

2

Court could grant the relief that he seeks . . . ." *Id.* Quoting *United States v. Larsen*, No. 1:05-cr-00062-JAW, 2013 U.S. Dist. LEXIS 15849, at *4, 2013 WL 448761, at *2 (D. Me. Feb. 6, 2013), the Government notes that "[a]fter a sentence is imposed, the law strictly constrains a sentencing court's authority to reduce a sentence and the grounds upon which it may do so." *Def.'s Mot.* at 1.

Furthermore, the Government noted that the purposes of the BOP re-entry program include protection of the public and avoiding the risk of recidivating. *Id.* at 2 n.2. The Government writes that Mr. Berg, "a wealthy businessman, with strong family support, an established residence and business, who poses virtually no risk of recidivism following service of a relatively brief prison term does not appear to be the type of offender that the re-entry program was designed for." *Id.*

The Government attached to its response as Exhibit 1 a series of BOP documents. *Id.* Attach. 1 *BOP Docs.* (ECF No. 603) (*BOP Docs.*). One is titled "Residential Re-Entry Center Consideration" dated November 6, 2015. *Id.* at 4. In this document, after reviewing Mr. Berg's circumstances, the Unit Manager stated that "[w]e do not recommend RRC [Residential Re-Entry Center] Placement due to insufficient time to process a referral given the short sentence length." *Id.*

A second attached document entitled "Inmate Request to Staff" is dated December 10, 2015 and is signed by Mr. Berg. *Id.* at 2. In the document, Mr. Berg requested "something in writing" as to why he was being denied "the 10% home confinement that is offered to other inmates via 3624C." *Id.*

3

A third document dated December 11, 2015 is a four-paragraph memorandum signed by J. Grondolsky, the Warden, explaining the BOP's decision. *Id.* at 1. In that document, Warden Grondolsky listed the factors the BOP reviews in determining whether an inmate is appropriate for RRC release. *Id.* Warden Grondolsky noted that the BOP takes a "number of factors" into account, including:

> the inmate's need for re-entry services, the resources and ability of the RRC to meet the offender's needs, the nature and circumstances of the inmate's offense, the inmate's history, any statement by the sentencing court regarding a period of community confinement, any potential risks to public safety, and the need for the [BOP] to manage the inmate population in a responsible manner.

*Id.*

Warden Grondolsky wrote that "not all inmates are appropriate for RRC placement and the length of placement must be determined on an individual basis in accordance with the guidance outlined." *Id.* Citing the BOP Program Statement 7310.04 of the Community Corrections Center (CCC) Utilization and Transfer Procedure, Warden Grondolsky stated that "inmates serving sentences of six months or less shall not ordinarily participate in CCC programs." *Id.* Warden Grondolsky noted that Mr. Berg's "release plan was recently approved by probation staff" and that he had "employment possibilities and significant resources." *Id.* Warden Grondolsky informed Mr. Berg that he agreed with the assessment of his "assigned unit team" and that the BOP must "balance each inmate's individual needs with the agency's duty to use its limited resources judiciously." *Id.* Finally, Warden Grondolsky advised Mr. Berg that he could "contest any aspect of your confinement utilizing the Administrative Remedy Program." *Id.*

4

Finally, there is a document dated December 21, 2015 in which a staff member notes that in light of Warden Grondolsky's written response, "no other written statement is necessary" in response to Mr. Berg's December 10, 2015 request to staff. *Id.* at 2.

### C. Robert Berg's Reply

Robert Berg filed a reply on January 14, 2016. *Def.'s Reply* at 1-3. Mr. Berg says that his motion to amend judgment is based on the BOP "policy for early release available to all low-risk offenders, though admittedly, not guaranteed." *Id.* at 1. Mr. Berg seems to agree with the Government that he is not the type of inmate who poses the re-entry problems the re-entry program was designed to mitigate. *Id.* ("As suggested by the Government . . . , such consideration is not available to Mr. Berg").

In reply to the Government's challenge to cite legal authority for his requested relief, Mr. Berg attached a motion and order from the District of Massachusetts in the case of *United States v. Olen*, 1:15-cr-10005-RWZ-1 (D. Mass.), where an inmate moved for a similar reduction and the district judge granted the motion for a 10% reduction. *Id.* at 1-2.

### III. DISCUSSION

"After a sentence is imposed, the law strictly constrains a sentencing court's authority to reduce a sentence and the grounds upon which it may do so." *Larsen*, 2013 U.S. Dist. LEXIS 14849, at *4 (citing 18 U.S.C. § 3582(c); *United States v. Leland*, 584 F. Supp. 2d 237, 239 (D. Me. 2008); *United States v. Tyler*, 417 F. Supp. 2d 80, 82-85 (D. Me. 2006)).  The law provides:

5

>   (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that--
>       (1) in any case--
>           (A)   the court, <u>upon motion of the Director of the [BOP]</u>, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that
>               (i)   extraordinary and compelling reasons warrant such a reduction; or
>               (ii)  the <u>defendant is at least 70 years of age</u>, has <u>served at least 30 years in prison</u>, pursuant to a sentence imposed under section 3559(c), for an offense . . . for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>           and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>           (B)   the court may modify an imposed term of imprisonment to the extent otherwise <u>expressly permitted by statute or by Rule 35</u> of the Federal Rules of Criminal Procedure; and
>       (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a <u>sentencing range that has subsequently been lowered by the Sentencing Commission</u> pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the [BOP], or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (emphasis provided). None of these provisions applies to Mr. Berg: (1) he is not seventy years of age or older, he has not served at least thirty years in prison, and the Director of the BOP has not moved for his release; (2) there is no Rule 35 motion before the Court and Mr. Berg has cited no other statutory provision that would permit the relief he is requesting; and (3) the Sentencing Commission has not lowered his sentencing guideline range since the date of his sentencing.

6

> Moreover, Rule 35 does not assist Mr. Berg. Rule 35 reads:
>
> **(a)** Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
> **(b)** Reducing a Sentence for Substantial Assistance.
>> **(1)** *In General.* Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
>> **(2)** *Later Motion.* Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>>> **(A)** information not known to the defendant until one year or more after sentencing;
>>> **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>>> **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
>>
>> **(3)** *Evaluating Substantial Assistance.* In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.
>> **(4)** *Below Statutory Minimum.* When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.
>
> **(c)** "Sentencing" Defined. As used in this rule, "sentencing" means the oral announcement of the sentence.

FED. R. CRIM. P. 35. Rule 35(a) is limited both in time and scope. To come within its provisions, Mr. Berg would have to have filed his motion within fourteen days of the judgment and his motion would have to have been based on the Court's "arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). He failed to comply with the time and substance provisions of Rule 35(a). To come within Rule 35(b), the

7

Government would have had to move for a reduction of Mr. Berg's sentence based on his substantial assistance, which it has not done. *See Tyler*, 417 F. Supp. 2d at 84.

Another avenue is the First Circuit Court of Appeals. Section 3742 of title 18 allows a defendant to file a notice of appeal in the district court for review of an otherwise final sentence if the sentence:

> (1)   was imposed in violation of law;
> (2)   was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3)   is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
> (4)   was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). But Mr. Berg has not filed a notice of appeal with the Court of Appeals for the First Circuit, the appeals court has not modified his sentence, and he has not asserted that any of the bases of § 3742(a) would apply to his case.

A final possibility is a petition for a writ of habeas corpus: 28 U.S.C. § 2241. Mr. Berg has not filed such a petition; instead, he is moving to amend his sentencing judgment. If Mr. Berg were to file such a petition, he would be required to demonstrate that he had exhausted his administrative remedies. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241"); *cf. United States v. Whalen*, No. 1:11-cr-00033-JAW, 2013 WL 5570955, at *2 (D. Me. Oct. 8, 2013) ("Except in unusual

circumstances not present here, the Court does not have the authority to transfer [defendant] to a community correctional center") (citing *Muniz v. Sabol*, 517 F.3d 29, 42 (1st Cir. 2008)). There is no suggestion that Mr. Berg has exhausted his administrative remedies on this record. *See BOP Docs.* at 1 ("Also, you may contest any aspect of your confinement utilizing the Administrative Remedy Program"). And even if he had done so, "that claim would lie not in this District, but in the jurisdiction where he is incarcerated . . . ." *United States v. Stewart*, No. 2:03-cr-102-DBH, 2015 U.S. Dist. LEXIS 19594, *4 (D. Me. Feb. 18, 2015); *see also United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008) ("[T]o the extent that Defendant's Motion can be read to argue that the Bureau of Prisons is somehow not complying with the regulations that govern the Inmate Financial Responsibility Program, such a challenge must be brought as a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which the defendant is incarcerated").

Finally, a brief review of the BOP Program Statement on CCC Utilization and Transfer Procedure indicates that Mr. Berg does not qualify under that program:

> 10. <u>LIMITATIONS ON ELIGIBILITY FOR ALL CCC REFERRALS.</u> Inmates in the following categories shall not ordinarily participate in CCC programs:
> …
> (g) Ordinarily, inmates serving sentences of six months or less.

BOP Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, at 10-11, http://www.bop.gov/policy/progstat/7310_004.pdf (last visited Jan. 26, 2016) (*CCC Program Statement*). Mr. Berg's sentence of

incarceration was six months, *J.* at 2, so Mr. Berg would be an exception to the general rule against the program's applicability to inmates like him.

Furthermore, although it may seem unfair or counterintuitive to Mr. Berg that the BOP refuses to release him early because he poses a low risk of recidivism, as Warden Grondolsky pointed out, the BOP has a limited budget and must direct its resources to ease the transition from prison to society for those prisoners who will most benefit from the re-entry program. Typically, it is those inmates with drug and alcohol problems who would benefit from counseling, those without a stable residence, those without job skills or an available job, and those with mental health issues who would benefit from intensive oversight. *See CCC Program Statement* at 5 ("The CCC is designed to meet the needs of higher risk prerelease inmates and consists of six different levels of supervision, ranging from 24-hour confinement to Home Confinement. It also may have an intensive treatment component consisting of substance abuse education and treatment, life skills training, mental health counseling, education, employment assistance, and mentoring"). Mr. Berg is fortunate in having none of these issues. Even though he would like to participate in the program to get out early, he has not claimed that he needs the services the program provides. Thus, what Mr. Berg seeks is not so much a re-entry program as simple early release, and the Court perceives no grounds on which it can grant early release.

The Court acknowledges that a district judge in the District of Massachusetts granted a similar motion. *See Olen*, 1:15-cr-10005-RWZ-1 (D. Mass.). While the

10

Massachusetts district judge granted the motion as an endorsed order the day after it was filed, *id.*, neither the motion nor the order describes the authority for such an order. *Id.*; *Def.'s Reply* Attach. 2 *Crim. Docket for Case #: 1:15-cr-10005-RWZ-1* at 6. Although it does not appear in the motion or order, Mr. Berg represents that in the Massachusetts case, "[a]pparently, no Objection was entered by the Government." *Def.'s Reply* at 2. Mr. Berg's motion is different. Here, the Government opposed his motion and therefore the Court scoured the legal landscape to determine whether there are any signs that Court is authorized over objection to provide Mr. Berg the relief he has requested. It found none.

Finally, Mr. Berg moves for oral argument. The Court denies his motion for oral argument because it would only delay the disposition of his motion to amend judgment and the parties have had an ample opportunity to argue their positions in their written submissions.

## IV. CONCLUSION

The Court DENIES Defendant's Motion to Amend Judgment (ECF No. 601); the Court DENIES Defendant's Motion for Oral Argument/Hearing (ECF No. 605).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2016